

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Herman Jones, Director
Gas Utilities Division
Railroad Commission of Texas

Dear Sir:

This Opinion
Overrules Opinion
# O-3524

Opinion No. O-3524-A
Re: Reconsideration of our Opinion
No. O-3524 as to whether Arti-
cles 6056 and 6060, Revised
Civil Statutes, apply to Re-
public Natural Gas Company.

On May 13, 1941, Honorable Clinton Owsley, the then
Director of the Gas Utilities Division of the Railroad Commission
of Texas, requested an opinion from this department on whether
or not the Republic Natural Gas Company is a gas utility within
Article 6050, Revised Civil Statutes, in so far as the jurisdic-
tion of the Railroad Commission of Texas is conferred by Articles
6056 and 6060, supra.

An opinion was written by this department, being No.
O-3524, holding that the Republic Natural Gas Company was subject
to the control of the Railroad Commission by virtue of Article
6056 and was also subject to the tax provided by Article 6060,
supra. We were therefore requested by said company to reconsider
said opinion and in connection with said request were furnished
with a comprehensive brief supporting their contentions.

In the brief filed with us a vigorous attack has been
made upon the statutes in question. These statutes are a part
of House Bill 11, Third Called Session, 36th Legislature, Chapter
14, page 18. The enactment is commonly known as the "Cox Bill."

Section 1 of the Cox Bill classifies gas utilities in
three general categories, as being persons, companies or cor-
porations engaged in the following business:

...ICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS AP... VED BY THE ...

"1. Producing or obtaining, transporting, conveying, distributing or delivering natural gas: (a) for public use or service for compensation; (b) for sale to municipalities or persons or companies, in those cases referred to in paragraph 3 hereof, engaged in distributing or selling natural gas to the public; (c) for sale or delivery of natural gas to any person or firm or corporation operating under franchise or a contract with any municipality or other legal subdivision of this State; or, (d) for sale or delivery of natural gas to the public for domestic or other use.

"2. Owning or operating or managing a pipe line for the transportation or carriage of natural gas, whether for public hire or not, if any part of the right of way for said line has been acquired, or may hereafter be acquired by the exercise of the right of eminent domain; or if said line or any part thereof is laid upon, over or under any public road or highway of this State, or street or alley of any municipality, or the right of way of any railroad or other public utility; including also any natural gas utility authorized by law to exercise the right of eminent domain.

"3. Producing or purchasing natural gas and transporting or causing the same to be transported by pipe lines to or near the limits of any municipality in which said gas is received and distributed or sold to the public by another public utility or by said municipality, in all cases where such business is in fact the only or practically exclusive agency of supply of natural gas to such utility or municipality, is hereby declared to be virtually monopoly and a business and calling affected with a public interest, and the said business and property employed therein within this State shall be subject to the provisions of this law and to the jurisdiction and regulation of the Commission as a gas utility."

Article 6056, supra, provides that corporations coming within the provisions of Article 6050 shall make certain reports to the Railroad Commission of Texas. Said Article 6056 reads as follows:

"The Commission may require of all persons or corporations operating, owning or controlling such gas pipe lines sworn reports of the total quantities of gas distributed by such pipe lines and of that held by them in storage, and also of their source of supply, the number of wells from which they draw their supply, the amount of pressure maintained, and the amount and character and description of the equipment employed, and such other matters pertaining to the business as the Commission may deem pertinent."

Article 6060 is the statute which levies a tax of one-fourth of one per cent upon the gross receipts of such gas utilities as come within the provisions of Article 6050, supra. Said Article 6060 is as follows:

"Every gas utility subject to the provisions of this subdivision on or before the first day of January and quarterly thereafter, shall file with the Commission a statement, duly verified as true and correct by the president, treasurer or general manager if a company or corporation, or by the owner or one of them if an individual or co-partnership, showing the gross receipts of such utility for the quarter next preceding or for such portion of said quarterly period as such utility may have been conducting any business, and at such time shall pay into the State Treasury at Austin a sum equal to one-fourth of one percent of the gross income received from all business done by it within this State during said quarter."

However, Article 6060, above quoted, was repealed in part by Section 10, House Bill 547 of the 42nd Legislature (Acts of 1931, 42nd Legislature, R. S., Ch. 73, page 111). Section 10 of said Bill provides as follows:

"That Article 6060 of the Revised Civil Statutes of 1925, except so far as it imposes a license fee or tax of one-fourth of one per cent against persons owning, operating or managing pipe lines as provided in Section 2 of Article 6050, is hereby repealed and said fund shall be used for enforcing the provisions of Articles 6050 and 6056, inclusive."

Therefore, reading Articles 6050 and 6060, supra, together and as applied to the question before us, they provide as follows:

"Every corporation engaged in the business of owning or operating or managing a pipe line for the transportation of or carriage of natural gas, whether for public hire or not, if any part of the right-of-way for said line has been acquired or may hereafter be acquired by the exercise of the right of eminent domain, or if said line, or any part thereof is laid upon, over or under any public road or highway of this state, or if such corporation is authorized to exercise the right of eminent domain, shall pay a tax of one-fourth of one per cent of its gross income."

Republic Natural Gas Company is incorporated under the laws of the State of Delaware and on January 2, 1935, was granted a permit to do business in the State of Texas. The permit of the gas company authorizes it "to establish and maintain an oil business with authority to contract for the lease and purchase of the right to prospect for, develop and use coal and other minerals, petroleum and gas; also the right to erect, build and own all necessary oil tanks, cars and pipes for the operation of the business of same. * * * "

The above purpose is authorized by Section 37, Article 1302, Revised Civil Statutes.

To arrive at a conclusion as to whether or not the Republic Natural Gas Company is liable for the tax it is first necessary to determine the nature of its business. This is necessary for the reason that Article 6050, supra, provides that the tax shall be paid by those engaged in the business of owning or operating or managing a pipe line for the transportation or carriage of natural gas.

From the facts before us it appears that the Republic Natural Gas Company is authorized to engage in the oil business with the authority to prospect for and develop gas wells together with the right to erect such tanks and pipes as are necessary for the operation of its business. It further appears that the gas company owns a number of gas wells in the Saxet field, Nueces County, Texas; that it has pipes running from its wells to a central

point on its own lease where the gas is sold and delivered to the City of Corpus Christi through a line owned by that City. In fact, the lines of the gas company constitute a gathering system which brings its gas to a point of sale and delivery.

We have attached to this opinion a rough draft showing the location of the gas company's lines, the roads and the point of delivery to the City of Corpus Christi. Three of the lines travel from the various wells in a northerly direction and cross State Highway No. 9. However, we are informed that this highway was constructed after the lines had been erected and for that reason we will not be concerned with these lines with respect to their crossing a public road. It will be noted that two lines of the gas company run from the north side of the gas company's leases in a southerly direction and cross a public road at points indicated "A" and "B" on the map attached hereto. The line "A" is one used to carry gas for jetting wells and does not enter the lines used to furnish the city. Line "B" is a 2-1/2" line that carries gas across the public road known as "Shell Road" to a 6" line, thence to the city pipe line.

Now in considering whether or not the Republic Natural Gas Company is in the business of owning or operating or managing a pipe line as provided in paragraph two, Article 6050, supra, it must be thought that the Legislature acted with due regard to the natural and fundamental laws of the gas producing business. This being true, the Legislature knew, as do all men, that it is not economically feasible to run a pipe from each well to the point of marketing and sale, but that it is at times necessary for the proper operation of the gas wells to construct gathering systems which will concentrate the gas from each well to a central point and from which point the gas is delivered to the purchaser. By this we do not mean that a producer could not be in the business of operating a pipe line but we do mean that a producer is not engaged in the pipe line business just because he must necessarily use pipes to gather his product for marketing. We believe that in the instant case the lines used by the gas company are simply part and parcel of the implements necessary for the operation of its gas wells. In short, the Republic Natural Gas Company is engaged in the business of producing gas and not in the business of transportation of natural gas by pipe lines.

If it be true that Republic Natural Gas Company has acquired a part of its right-of-way for its pipe line by the exercise of the right of eminent domain or has the power to exercise

the right of eminent domain or that his lines do cross over the public road, all as is provided in paragraph 2, Article 6050, supra, such would not alter the Legislative mandate. This for the reason that the first prerequisite is that the gas company must be engaged in the business of owning or operating or managing a pipe line for the transportation of natural gas. We are of the opinion that Republic Natural Gas Company is not engaged in such business.

You are, therefore, advised that such gas company is not liable for the one-fourth of one per cent tax on its gross receipts as provided in Article 6060, supra, as amended.

However, we are of the opinion that Republic Natural Gas Company is engaged in the business of producing natural gas for public use for compensation and for sale to municipalities as provided in paragraph one, Article 6050, supra, and as such must make the reports required by Article 6056, supra.

We, therefore, overrule our opinion No. 0-3524, in so far as it holds that Republic Natural Gas Company is subject to the tax as provided in Article 6060.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Richard H. Cooke
Assistant

RHC:ej

APPROVED JUN 13, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED AND APPROVED IN LIMITED CONFERENCE



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN